IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40921
Summary Calendar
_____

MASSEY L. MOORE,

                                                    Plaintiff-Appellant,

versus

SHERMAN POLICE DEPARTMENT;
DAVID WOODS, Public Information Officer
for Sherman Police Department;
THOMAS H. FLOWER, County Assistance Attorney,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:96-CV-391

_____

September 4, 1998

Before POLITZ, Chief Judge, EMILIO M. GARZA and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Massey L. Moore, proceeding pro se and in forma pauperis, appeals the

district court's dismissal, as frivolous, of his civil rights lawsuit, 42 U.S.C. § 1983.

Moore moves for a court-appointed expert and for service of a subpoena duces

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tecum.  Moore's motions are subject to rejection.

We review the dismissal of an IFP complaint as frivolous for an abuse of discretion.[1]  Although prisoners have a constitutionally protected right of access to the courts, to prevail on such a claim, the claimant must show that his legal position was prejudiced by the alleged violation.[2]

Moore has failed to show that his legal position was prejudiced by the defendants' conduct.  Accordingly, the district court did not abuse its discretion by dismissing his § 1983 complaint as frivolous.

We conclude that Moore's appeal is without arguable merit and is frivolous,[3] and, accordingly, it is subject to dismissal.[4]  Moore was previously warned that the filing of additional frivolous appeals would result in the imposition of sanctions.[5]

A prisoner may not

> bring a civil action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner has, on 3
> or more prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Including the dismissal of this appeal, Moore has three

---

[1]Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997).

[2]Bounds v. Smith, 430 U.S. 817 (1977); McDonald v. Steward, 132 F.3d 225 (5th Cir. 1998); Henthorn v. Swinson, 955 F.2d 351 (5th Cir. 1992).

[3]See Howard v. King, 707 F.2d 215 (5th Cir. 1983).

[4]See 5th Cir. R. 42.2.

[5]See Moore v. Sherman Police Dep't et al., No. 95-40374 (5th Cir. Aug. 22, 1995).

"strikes."[6]   Therefore, except for cases involving an imminent danger of serious physical injury, § 1915(g) bars Moore from proceeding further under § 1915.  He may proceed in subsequent civil cases under the fee provisions of § 1911-14 applicable to everyone else.

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) SANCTION IMPOSED.

---

[6]See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996).